### *TURNBULL* vs. *FRERET.*

APPEAL from the court of the first district.

An executor may novate a debt of the estate.

PORTER, J. delivered the opinion of the court. This is an action on a promissory note, made so far back as the year 1802.—The defendant pleads a discharge under the insolvent laws of the late territory of Orleans, dated in the month of January, 1806. There was judgment in his favor in the court of the first instance, and the plaintiff here appealed.

The argument at the bar, has principally turned on the regularity and effect of the proceedings under the *cessio bonorum;* which are pleaded as a bar to the action. The strongest objection urged against them, is the want of the plaintiff's name on the *bilan*; and the consideration of this objection, draws our attention to the point on which we think the merits of the case rest.

The note on which the suit is brought, is in the following words:—"Good for five

EasternDis't
May, 18 7

TURNBULL
& AL.
vs.
FRERET.

thousand six hundred and forty-three Spanish milled dollars, payable on the first day of January next, to the order of Mr. Charles Norwood, executor of Messrs. Trumbull & Joyce, for balance due to the said estate — New Orleans, 1st January, 1802." Signed, *Jas. Freret.*

Norwood was placed on the bilan as a creditor; but the plaintiffs insist that the insertion of his name there, did not bind them. That it was their debt, not his; and his year of executorship had expired at the time the defendant failed.

Whether it was his debt, or theirs, depends on the effect which should be given to the note already set out. If it produced a novation of the debt due to the ancestors of the plaintiffs, then Norwood, the executor, was the creditor.

Should it appear that the executor had authority to novate the debt, we are satisfied he did so, by taking a note payable to himself or order. The defendant then owed him, or the person to whom he might endorse it. The words, *as executor*, can be considered in no other light, but as words of description. That point has more than

EasternDis't
*May*, 18 7.

TURNBULL
& AL.
*vs.*
FRERET.

once been decided in this court, in reference to obligations which cannot be distinguished from that now before us. It is beyond doubt, that if Norwood had sought to enforce payment from the defendant, he might have pleaded in compensation, any debt which the payee owed him. 5 *Mart* 201. 10 *ibid*, 463.

It is, however, contended, that the executor had no authority to novate the debt—that a general power was not sufficient for that purpose—that it should have been special.

This court thinks differently. A tutor, executor, or any person having a general procuration, may make a novation. The rule of the Roman law was, that whoever had a right to receive payment, had a right to novate. *Cui recte solvitur, is etiam novare potest.* There was an exception to the rule, where the agent had only a particular power to receive; because *non debet egredi finibus mandati.* But wherever the authority was general, the right existed. *ff. Liv.* 46 *tit.* 2 *L.* 10 *&* 29 § 1. *Pothier on ob.* 555, 556, 557.

It was urged, that the heirs might, if they chose, approve of this act of the executor, receive the note from him, and bring suit against the debtor. This is certainly correct. They may do so. But then they must sue in the name of the person to whom the note was made payable. The legal title to receive the money is vested in him by the novation; and the heirs cannot pass it by, and commence an action in their own name.

This course has not been pursued here, and it will be time enough when it is resorted to, to examine whether the discharge which the defendant obtained under the insolvent law is binding on Norwood.

It is therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Watts & Lobdell* for the plaintiffs, *Grymes* for the defendant.